## Morris' Estate.

*Wills—Testamentary capacity — Undue influence — Issue devisavit vel non—Refusal.*

An issue devisavit vel non asked for on the ground of alleged testamentary incapacity was properly refused where it appeared that although testatrix was prostrated with grief and shock at the death of her sister, she prepared her will with the assistance of her physician, who did not benefit by it, and that she was active in the

direction of her business affairs up until the time when she made her will, and where it appeared that the chief beneficiary was peculiarly close and useful to deceased for some years prior to her death, and was not present at the time the will was executed.

Argued June 12, 1918.   Appeal, No. 6, Jan. T., 1919, by Charles E. Pennock, Charles J. Pennock and Anna F. Pennock, from decree of O. C. Chester Co., O. C. Docket No. 49, page 519, refusing issue devisavit vel non in Estate of Hannah J. Morris, Deceased.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ.   Affirmed.

Petition for issue devisavit vel non.

The facts appear from the following opinion by BUTLER, P. J.:

That Hannah Morris was prostrated with grief and shock by the death of her sister, Adelaide, and for a few days thereafter took little interest in, or notice of relatives, friends or other worldly matters, is proved, but there is an entire absence of any proof that would support a finding that the purported will was the product of undue influence, or that Hannah Morris lacked testamentary capacity when she executed it.

There was manifest occasion for her to make a new will, and the practically undisputed evidence is that she fully appreciated this fact, determined to make it, and promptly effectuated her purpose, with the clerical help of her physician, who profits not a penny by her will, she giving all directions and instructions as to its dispositions, and seeing to it that the new will took the place of the old one among her papers, where it was found after her death.

According to the appellants' proof, weak and ailing as she was physically about the time she executed her last will, she was vigorous enough mentally to very peremptorily veto the proposition to provide an attorney in fact, and her refusal, coupled with the resolute declaration

that she would not permit her affairs to be thus rushed, was accepted as final.

Starting out with the law's presumption that she possessed testamentary capacity, and in the evidence finding proof of nothing substantially challenging her possession of such capacity—facts, not opinions control: Browne v. Molliston, 3 Wharton 129; and Combs & Hankinson's App., 105 Pa. 155—but on the other hand the evidence affirmatively indicating that she was a woman of mental force and average intelligence and information, generally, according to the great preponderance of proof, supervising and directing her business matters inside and outside her home, until about the time of her death, we entertain no doubt that the probate of the contested paper, as the will of Hannah Morris, should be sustained.

If, as contended, but under a review of the evidence not apparent we think, the provisions of the will are unnatural, different from what would have been expected, this in itself would afford no ground for finding the absence of testamentary capacity or presence of undue influence. The very office of a will is to effectuate as the law of his property, as the guide to its descent, the testator's particular preference and desires, and it matters not if she shocks the common sense of the community: Johnson's Est., 159 Pa. 630 (see opinion of lower court); Bitner v. Bitner, 65 Pa. 347.

As a fact we view her will as natural, as what might have been expected to result from the operation of her surroundings upon her mind. The undisputed proof is that the chief beneficiary was peculiarly close and useful to the deceased for some years prior to her death, that she had good reason to feel grateful to him, that, in his absence, without his knowledge, aided only by her physician, who took the instructions directly from her, she had the paper prepared, executed it and arranged that it should appear among her effects upon her death. The conclusion follows, that it is her will, disposing of her

property as she wished, and its validity is not challenged to the point where an issue should be granted, either by the evidence, relied upon to directly prove lack of capacity, or by the circumstance that the provisions of her will might surprise those who did not know of her inclination and preference: Morgan's Est., 219 Pa. 355.

The lower court dismissed the appeal from the decree of the register of wills. Charles E. Pennock, Charles J. Pennock and Anna F. Pennock, appealed.

*Error assigned* was the decree of the court.

*S. Duffield Mitchell,* for appellants.

*Joseph Gilfillan,* of *Graham & Gilfillan,* with him *Wallace S. Harlan,* for appellee.

PER CURIAM, July 17, 1918:

This appeal is dismissed, at appellants' costs, on the opinion of the learned president judge of the court below refusing an issue devisavit vel non.